IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 3, 2015

**STATE OF TENNESSEE v. TOM MOORE**

**Appeal from the Criminal Court for Shelby County**
**Nos. 91-02207, 91-02208    John Campbell, Judge**

---

**No. W2015-00838-CCA-R3-CD  -  Filed December 16, 2015**

---

The defendant, Tom Moore, appeals the summary dismissal of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to set aside his 1991 convictions of aggravated rape.  Because the defendant has failed to present a cognizable claim for relief under Rule 36.1, we affirm the order of summary dismissal.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Tom Moore, Pikeville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Tracy L. Alcock, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Shelby County Criminal Court jury convicted the defendant of two counts of aggravated rape, and this court affirmed the convictions and accompanying 50-year sentence on direct appeal.  *See State v. Tom Moore, III*, No. 02C01-9204-CR-00073 (Tenn. Crim. App., Jackson, Aug. 18, 1993).  We also affirmed the denial of the defendant's bids for post-conviction relief, *see Tom Moore, III, v. State*, No. W1998-00579-CCA-R3-PC (Tenn. Crim. App., Jackson, Dec. 19, 1999), *perm. app. denied* (Tenn. May 15, 2000), and habeas corpus relief, *see Tom Moore v. State*, No. E2006-02458-CCA-R3-HC (Tenn. Crim. App., Knoxville, Dec. 12, 2007).

On March 30, 2015, the defendant filed a pleading styled "Motion to Correct Illegal Sentence Pursuant to Rules of Criminal Procedure, Rule 36.1 and Motion to Set Aside Judgment Due to Plain Error."  In his motion, the defendant attacked his

convictions on grounds that the State had failed to elect a particular instance of aggravated rape within the timeframe provided in the indictment. The trial court summarily dismissed the motion, noting in the order of dismissal that the defendant had failed to raise any issue related to the 50-year sentence imposed in his case.

In this timely appeal, the defendant again claims entitlement to relief from his convictions pursuant to Rule 36.1.

Rule 36.1 is not a panacea. The rule exists solely to provide the defendant and the State an avenue to "seek the correction of an illegal sentence" by filing a motion in the trial court "at any time" following the conviction. Tenn. R. Crim. P. 36.1(a). Moreover, the relief available under Rule 36.1 only includes vacating a conviction when a guilty-pleading defendant can establish that the illegal sentence was a bargained-for element of the plea agreement. *Id.*(c)(3). The issue raised by the defendant, that the State failed to make an adequate election of offenses, does not amount to an illegal sentence claim that would be cognizable under Rule 36.1. The defendant makes no claims regarding the sentence imposed in his case.

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE